JOHN SHEPHERD ET AL. *v.* W. C. ROSE.

[Abstract Kentucky Law Reporter, Vol. 2—314, as Shepard v. Rose.]

**Proof in Suit on Tax Collector's Bond.**

In a suit for the purpose of settling the accounts between the sheriff and one who has collected taxes, the defendant having the tax books in his possession, and the fact as to whether he had collected the taxes embraced in the list being peculiarly within his knowledge, it was his duty to make known what he had collected, and in the absence of proof to the contrary he will be presumed to have collected the whole.

APPEAL FROM WHITLEY CIRCUIT COURT.

March 10, 1881.

OPINION BY JUDGE HINES:

The record does not show that appellant, Shepherd, was charged with more taxes than he collected. Having the tax book in his own possession, and the fact as to whether he had collected any or all of the taxes embraced in the list being peculiarly within his knowledge, it was his duty to make known what he had collected, and in the absence of proof to the contrary he will be presumed to have collected the whole. This was the theory upon which the court below proceeded, and it is correct.

The suit was for the purpose of settling the account between the sheriff and Shepherd for all the taxes that may have been collected by Shepherd, either in 1867 or 1868, and after a careful examination of the evidence we are unable to discover any error in the finding upon the evidence as to the several amounts collected. The

evidence does not satisfactorily show that there was a complete and full settlement for the collections for the year 1867, and there was therefore no error in the charge of $65.32 for collection on that year.

. The evidence authorized the court in finding the sureties liable on the bond for the year 1868, as well as for the year 1867. The evidence shows that the bond was executed in the usual form, and it fails to show that it was restricted in its operations to 1867.

Judgment *affirmed.*

*John Smith, for appellants.*